*J. Lightfoot* for complainants.

*Larnach & Robinson* for respondent.

---

# HENRY WATERHOUSE TRUST COMPANY, LIMITED, *v.* JOHN D. PARIS.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 17, 1912.                    DECIDED JULY 30, 1912.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

BOND—*right of action—happening of contingency.*

In an action by the assignee of the executors of W. upon an undertaking to hold the executors harmless from a certain judgment, a request addressed by the executors to the plaintiff to pay the judgment being an essential element of plaintiff's case, it is immaterial whether the request originated with the executors or came from them by way of acceptance of a suggestion made by another.

BOND—*defenses—failure of contingency to happen.*

It is a good defense to such an action by the plaintiff that the payment of the judgment was not by the plaintiff or at the request

of the executors but was by a third person purely in fulfilment of his duty under a separate and distinct written undertaking to hold the executors harmless.

EVIDENCE—*burden of proving happening of contingency named in bond sued on.*

In such an action the burden is upon the plaintiff throughout to prove the existence of all the facts which would cause the defendant's liability to accrue and includes the duty to prove, among other things, payment of the judgment under such circumstances that in accordance with the law the rights of the executors as against the defendant survived and were transferred to the plaintiff.

OPINION OF THE COURT BY PERRY, J.

This case has been before this court on exceptions to an order granting a nonsuit at the first trial and a statement of the allegations of the declaration is contained in the opinion sustaining the exceptions. (Ante. p. 46.) At the second trial the verdict was for the plaintiff.

Undisputed evidence was introduced proving the following facts: that on September 22, 1904, the defendant received from the Henry Waterhouse Trust Company, Limited, trustee under a deed of trust, the sum of $3079.11 for certain rents and thereupon entered into the undertaking declared on that "in the event that A. B. Wood or the Estate of Henry Waterhouse, deceased, shall be held liable by judgment of a court of competent jurisdiction on account of any claim or demand arising out of a certain redelivery bond executed by Clinton J. Hutchins, as principal, and said A. B. Wood and said Henry Waterhouse, as sureties, in a suit pending in the Circuit Court of the First Judicial Circuit, Territory of Hawaii, between W. W. Bierce & Company, Limited, plaintiff, and Clinton J. Hutchins, trustee, et al., defendants" he would."save and hold harmless * * * said A. B. Wood and the said Estate of Henry Waterhouse, deceased, therefrom to the extent of" the sum received; that on March 29, 1911, final judgment in favor of the plaintiff was entered in the Bierce case; that on April 12, 1911, the judgment

with interest to date of payment was paid by check of the plaintiff in the sum of $36,074.56 and that on the following day a satisfaction piece was filed in the action; that concurrently with or immediately preceding the delivery of the check to the attorney for W. W. Bierce, Limited, the executors of the will of Henry Waterhouse executed and delivered to the plaintiff an assignment of "all and every claim or right of action which said executors and said estate have against" the defendant arising under the obligation above referred to; that immediately after the payment of the judgment counsel for the executors received from the attorney for W. W. Bierce, Limited, the satisfaction piece for filing; that on November 11, 1907, J. B. Castle, reciting that Clinton J. Hutchins had transferred to him certain claims against Wm. W. Bierce, Limited, agreed in writing "to hold the said C. J. Hutchins and his sureties in said suits" (including the case of Bierce v. Hutchins, and others) "harmless from any judgment obtained in the said suits;" and that on November 27, 1907, Castle addressed a letter to the executors of the will of Henry Waterhouse assuring them that the agreement of November 11, 1907, was made for their benefit and that "the executors of Henry Waterhouse * * * were intended to be included within the term 'sureties' therein used."

The president of the plaintiff corporation, referring to the payment of the $36,000 by his company, testified that while he had not attended to the details of the transaction he "was aware of what was going on" and that "this money was advanced for the account of J. B. Castle for the Kona Development Company; * * * it was paid to the account of James B. Castle * * * All I know is that it was for his account and charged to his account." In connection with the other evidence in the case this testimony, even though there was none other to the same effect, required a submission to the jury of the question whether in making the payment the plaintiff acted merely as the agent of J. B. Castle, in other words, whether the payment was that of J. B. Castle in pursuance of the terms of his undertaking

entered into in 1907, the contention of the defendant being that the payment was procured by Castle purely as a volunteer in so far as the executors were concerned.

By cross-examination of Albert Waterhouse, one of the executors, and other witnesses of the defendant, the plaintiff elicited evidence tending to show that both before and after the rendition of the Bierce judgment the executors endeavored to prevail upon J. B. Castle to pay the judgment in performance of his agreement and letter and that Waterhouse finally acquiesced in the suggestion advanced by D. L. Withington, who was then acting as attorney for J. B. Castle as well as for the Waterhouse Trust Company, that perhaps an arrangement could be made whereby some one other than J. B. Castle would consent to pay the judgment and take an assignment from the executors of their claims against the defendant and others similarly situated and requested Withington to "try to make some such arrangement;" that through Withington's and J. B. Castle's efforts plaintiff agreed to make the payment and take the assignment, J. B. Castle in turn agreeing to reimburse plaintiff in the sum of $30,000 and guaranteeing payment of the balance to it provided it was unable to collect it from Paris and the others named in the assignment.

There was also testimony by Albert Waterhouse, the only executor in Honolulu at that time and who also acted for his co-executor, that the executors did not request the plaintiff to pay the judgment save as might be inferred from the language and fact of the assignment itself.

In the former opinion it was held that the assignment on its face is susceptible of the inference that the payment was at the request of the executors. At the second trial the parties and the presiding judge proceeded on the assumption, and we think correctly, that this inference was rebuttable by extrinsic evidence. We have also held that if the payment was by the plaintiff and at the request of the executors the defendant is liable in this suit upon his undertaking. The request may be either ex-

press or implied. It is immaterial whether it originated with the executors or came from them by way of acceptance of a suggestion made by another. If in pursuance of the suggestion of one of the attorneys the latter was authorized by the executors to endeavor to prevail upon a third person to pay the judgment and to take an assignment from the executors of their claim against Paris and if thereafter, as to a part of the amount of the judgment in pursuance of such an authorization, an understanding was arrived at to the effect that the plaintiff would pay the judgment looking to J. B. Castle for $30,000 unconditionally and for the balance primarily to the assigned claims and secondarily to J. B. Castle by way of guarantee only and the payment was made by the plaintiff and the claims assigned, the plaintiff was thereby substituted for the executors and the defendant is liable in this action. On the other hand, if the negotiations, whatever they were, between J. B. Castle and the plaintiff, were conducted without the authorization or acquiescence of the executors,—if in other words the payment was made for or at the solicitation of J. B. Castle purely in fulfilment of his duty under the undertaking of 1907, without any request, direct or indirect, by the executors for payment by the plaintiff, the defendant is not liable. If it was J. B. Castle who in reality paid the judgment, purely in fulfilment of his duty under the undertaking of 1907, the plaintiff acting merely as his banker or financial agent, it is immaterial whether he did so of his own accord or in consequence of a suggestion or request addressed to him by the executors, and in that event the defendant would not be liable in this case.

On this last mentioned point the court charged the jury, "if, on the other hand, you find that the judgment was paid by the plaintiff at the request of a third party and at the time the funds were advanced for such payment that the repayment to the plaintiff of a portion of said funds by said third party was conditioned upon a failure of the defendant to pay in accordance with the terms of the receipt and that said condition was but a

guarantee of repayment in the event of such failure, then such payment and guarantee would not, in my opinion, constitute a defense to this action." This instruction,—the remainder of the charge was not such as to cure the error—did not state the law with sufficient clearness and left it open to the jury to find for the plaintiff if they found the fact of a guarantee of the amount involved by J. B. Castle irrespective of whether the executors expressly or impliedly requested the payment by the plaintiff.

Concerning the burden of proof the only instruction given by the presiding judge was the following: "In my opinion the burden of proof is upon the plaintiff to prove all the material facts alleged in its complaint. If you believe that such burden has been sustained by a preponderance of the evidence, a prima facie case has been made out by the plaintiff, and I am then of the opinion that the burden of establishing payment or extinguishment of the obligation is on the defendant." The instruction was erroneous. It is not entirely clear whether in the last portion the court intended to refer to payment or extinguishment of the defendant's obligation now sued upon or to payment or extinguishment of the obligation of the executors to pay the judgment in the Bierce case. If the reference was to payment of the obligation sued on the instruction was wholly inapplicable for there is no claim by the defendant in this case that he has paid or otherwise satisfied his obligation. His sole contention is that the facts do not exist which would render him liable. On the other hand, if the reference was to payment of the Bierce judgment the instruction does not state the law. The burden was not on the defendant to prove payment or other extinguishment of the liability of the executors under the Bierce judgment. The burden was upon the plaintiff throughout to prove the existence of all the facts which would cause the defendant's liability to accrue and this included the duty to prove, among other things, payment of the judgment under such circumstances that in accordance with the law above declared the

rights of the executors as against Paris survived and were transferred to the plaintiff.

The exceptions which have been considered are sustained and a new trial is granted.

*D. L. Withington (Castle & Withington* on the brief) for plaintiff.

*R. B. Anderson (Kinney, Prosser, Anderson & Marx* and *Smith, Warren & Hemenway* on the brief) for defendant.

